5L 585
10L 69
13L 872

WM. M. SMALLING & WIFE *et al. v.* JNO. G. KING *et al.*

1. ACTION. *Sureties. Liability.* No suit will lie against the sureties of a clerk for failure to pay over money, the proceeds of land sold by decree of the court, unless it appear that an order has been made by the court for its disbursement.

2. HUSBAND AND WIFE. *Wife's choses in action.* The statute requiring the privy examination of a married woman upon paying to her the proceeds of land sold by decree of the court, does not change the law in respect to the fund in case of her death before receiving it. The right to collect the fund passes to the husband as administrator, after confirmation of sale.

FROM SULLIVAN.

Appeal from the Chancery Court at Blountville. H. C. SMITH, Ch.

N. M. TAYLOR, TIPTON & FAIN and BUTLER & McDOWELL for complainant.

W. V. DEADERICK, YORK & FULKERSON, BAILEY and W. D. McCROSKEY for defendants.

McFarland, J., delivered the opinion of the court.

The bill is filed by a portion of the heirs of Jonathan Gross, deceased. It charges that after his death a petition was filed in the county court of Sullivan county for the sale or partition of a tract of land which descended to the heirs of said Jonathan. That a decree was rendered for the sale of the land and the sale was made by John C. Rutledge, then clerk of said county court and special commissioner, on the 1st of September, 1860, and the money, $1,699.50, subsequently collected by said Rutledge; but complainants charge that they have not received the share of the proceeds to which they were entitled, and the object of the bill is to recover the amount due from the sureties of said Rutledge, who has since died, leaving his estate insolvent. A portion of the sureties of said Rutledge upon his bonds executed upon his induction into office in 1860, prior to the sale in question, are made defendants. Also, sureties upon other bonds executed by said Rutledge on his re-election in 1864. The records of the court are shown to have been destroyed by fire in 1863. The original bill was filed the 2d of November, 1874. Sometime afterwards an amended bill was filed, in which the allegations in some respects are made more specific, most probably intended to meet the anticipated defense of the statute of limitations. In this amended bill it is charged that there was a decree in the county court for the sale of the land for partition on a credit of one, two and three years, and the sale was made

Smalling and Wife *v.* King.

by said Rutledge. The bill proceeds as follows: "No other adjudication was made by said decree except for sale, and no decree was ever entered in said cause ascertaining and settling the rights and interests of the respective heirs of said Jonathan Cross, deceased. The sale was confirmed, but all questions as to the distribution of the fund reserved, and the cause suspended awaiting the payment of the purchase money. Owing to the flagrance of the war and the fact that the courts were closed, no further order or decree was ever made in said cause, and when the war closed, the records of said court having been destroyed, the cause seems to have been lost sight of by those having it in charge." "Complainants charge that said fund was in the custody of the law. No decree was entered authorizing the distribution of the fund or the application of the same in any way, and no final disposition made of the cause."

The two sets of sureties answer jointly. They substantially admit their suretyship as charged. They say, "they know nothing of the filing of a petition in the county court for the sale of said land and the orders of the court directing a sale, nor have they any personal knowledge of said proceedings or of said sale; these facts respondents neither admit nor deny, but call for strict proof of the record, if any such record existed." There is no direct proof in regard to the lost record or the proceedings in the county court. There is ample evidence of the sale by Rutledge, the clerk. There is in the record what purports to be an advertisement of the sale, which shows

that it was to be made in pursuance of a decree of the county court. One witness says the petition was filed by Jacob Gross, one of the heirs. Another says that one Wolf was guardian *ad litem* for the minors. And the receipt of an attorney for his fee is produced; but beyond this we have nothing in regard to what proceedings were had in the county court—the records being destroyed, as before stated.

The chancellor's decree was in favor of Smalling and wife for the share of Mrs. Smalling *against* the sureties on the first bonds, but dismissing the bill as to the other complainants. The sureties against whom the decree was rendered appeal from the decree against them, and M. W. Linderwood as next friend of his three infant children, whose mother was a daughter of said Jonathan Gross, appeals from the decree denying relief as to them.

The decree in favor of Smalling and wife against the sureties on the first bonds is clearly erroneous. It is clearly shown in the allegations of the amended bill that no decree or order for the distribution of the fund was made during Rutledge's term of office, from 1860 to 1864, and in fact no such order was ever made, and from this it clearly results that Rutledge was in no default for failing to pay out the money during that time to the parties entitled, and this is the only default charged against him during that period. It is not charged that he actually converted the money to his own use, or that he did not have it on hand at the end of his term. He was his own successor, and in the absence of any charge

to the contrary it must be taken that the fund was on hand at the execution of his second bonds. All that is charged is that he never paid it to the parties entitled, and it is clear that according to the allegations of the bill he was in no default for not doing so.

It is true there is evidence in the record that Rutledge did in fact pay to some of the heirs their shares of the fund soon after the sale, but this cannot be taken as evidence that there was an order for distribution, or as any evidence of a misappropriation of the shares due complainants, even if the complainants could be permitted to disregard the allegations of their bill.

Whether there was any default after the execution of the second set of bonds, it is unnecessary to enquire; the decree was in favor of the second set of sureties, and the complainants, Smalling and wife, have not appealed. The rights and liabilities of the two sets of sureties are so distinct that the appeal of the first from the decree *against them* does not bring up the case as between the complainant and the second set of sureties. The decree, therefore, in favor of Smalling and wife must be reversed.

The appeal of Linderwood brings up the case as to the three infant complainants against all the defendants. It is shown that the mother of these complainants was the daughter of said Jonathan Gross, and was living at the time the land was sold. She died in 1867, leaving her husband and the three infant complainants surviving. Her land had been previously

sold and converted into personalty, but the money due her had not been received by her or reduced to possession by her husband.

The right to the fund, like any other chose in action of the wife, survived to the husband, by virtue of his right to administer upon the estate of the wife. We know of no statute changing the law upon this subject. The statute requiring the privy examination of a married woman upon paying to her the proceeds of land sold by decree of court, does not change the law in respect to the fund in case of her death before receiving it. It is settled by repeated adjudications of this court, that a confirmation of the sale operates as a complete conversion of the realty into personalty, and it must thenceforth take the course of personalty. And in cases like this, upon the death of a wife whose land had been converted into personalty in her lifetime, the right to collect the fund passes to the husband as administrator, and not to the heirs. *Jones v. Walkup,* 5 Sneed, 135; *Moore and wife, exparte,* 3 Head, 171; *Rogers v. Clark,* 5 Sneed, 665; *Cowden v. Pitts,* 2 Baxt., 59.

The children of John Linderwood, therefore, have no right to the fund sued for, and upon this ground the bill was properly dismissed as to them.

The decree will in this respect be affirmed, but the decree in favor of Smalling and wife will be reversed with costs.